IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GAVCO MATERIALS, INC.,                          No.

              Plaintiff,                          *Electronically Filed*

    v.

WESTFIELD INSURANCE COMPANY,
INC., and BRAYMAN CONSTRUCTION
CORPORATION,

              Defendants.

## <u>NOTICE OF REMOVAL</u>

AND NOW, comes the Defendant, WESTFIELD INSURANCE COMPANY, INC., by and through its attorneys, ZIMMER KUNZ, PLLC, and files the following Notice of Removal of the above-captioned action to the United States District Court for the Western District of Pennsylvania from the Court of Common Pleas of Fayette County, Pennsylvania pursuant to 28 U.S.C. § 1441 *et. seq.* and, in support thereof, avers as follows:

1.      On March 1, 2018, Plaintiff Gavco Materials Inc. ("Gavco") filed a Complaint in Civil Action against Defendants Westfield Insurance Company, Inc. ("Westfield") and Brayman Construction Company ("Brayman"), which was docketed at GD-2018-00402.

2.      On March 8, 2018, counsel for Gavco e-mailed a courtesy copy of the Complaint, with a request that Westfield accept service, to Westfield's representative. <u>See</u> e-mail, attached hereto, marked as Exhibit "1".

3.      Westfield accepted service of the Complaint on March 27, 2018. <u>See</u> Acceptance of Service, attached hereto within the pleadings, marked as Exhibit "2".

4.      In its Complaint, Plaintiff alleges that it is a Pennsylvania corporation with its principal place of business located at 850 N. Gallatin Ave. Ext., Uniontown, Fayette County,

Pennsylvania 15401. See Complaint, ¶ 1, attached hereto within the pleadings, marked as Exhibit "2".

5.      Defendant, Westfield, is an Ohio corporation with its principal place of business located at One Park Circle, P.O. Box 5001, Westfield Center, Medina County, Ohio 44251. See Complaint, ¶ 2.

6.      Co-Defendant Brayman is a Pennsylvania corporation with its principal place of business located at 1000 John Roebling Way, Saxonburg, Butler County, Pennsylvania 16056. See Complaint, ¶ 3.

7.      Although Gavco names Brayman as a co-Defendant in this matter, the allegations in the Complaint establish unequivocally that Gavco and Brayman's interests in *this* coverage litigation are aligned, not adverse.

8.      Gavco alleges that it provided concrete for Brayman during Brayman's work as the "prime contractor" on a PennDOT project in Fayette County. See Complaint, ¶¶ 7-9.

9.      Brayman filed a Demand for Arbitration against Gavco with the American Arbitration Association ("AAA") alleging that Gavco supplied defective concrete. See Complaint, ¶ 10.

10.     Gavco further alleges that it was insured under a policy issued by Westfield which, Gavco claims, requires Westfield to defend Gavco and indemnify it for damages sought by Brayman. See Complaint, ¶¶12-21.

11.     Gavco tendered the claim to Westfield for defense and indemnity. See Complaint, ¶ 22.

12.     Westfield subsequently disclaimed coverage. See Complaint, ¶ 23.

13.     The Complaint includes only two Counts: Breach of Contract (Count I) and Declaratory Judgment (Count II), both of which are asserted *solely* against Westfield. See Complaint, ¶¶ 24-35.

14.     Accordingly, despite naming Brayman as a co-Defendant in this litigation, Gavco asserts no cause of action against Brayman. See Complaint, in its entirety.

15.     The inclusion of Brayman as a defendant in the Fayette County suit does not defeat diversity jurisdiction, because (a) Brayman was named as a nominal party and/or is not a necessary party to this Declaratory Judgment action, and therefore should not be considered for purposes of this Court's diversity jurisdiction; and (b) this Honorable Court should realign Brayman as a plaintiff rather than as a defendant, in accordance with Brayman's true interest in this action.

16.     Pennsylvania's Declaratory Judgment Act requires the joinder of "all persons . . . who have or claim any interest which would be affected by the declaration[.]" 42 Pa.C.S. § 7540(a).  But Brayman is not a necessary party under federal law, and federal law applies to determine the question whether a party must be joined in a declaratory judgment action.  Liberty Mutual Insurance Company v. Treesdale, Inc., 419 F.3d 216 (3d Cir. 2005).  Brayman is a nominal party, and its citizenship must be disregarded when determining diversity.

17.     The principal issue in this suit is whether Westfield is required, under the terms of the policy issued to Gavco, to defend and/or indemnify Gavco against Brayman's claim in arbitration. See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc., 942 F.2d 862 (3d. Cir. 1991).

18.     In fact, Plaintiff Gavco does not assert a single claim against Brayman, and Brayman's interests are not directly implicated by this Declaratory Judgment Action.  Without Brayman, complete relief may be accorded among the parties, and no interest of Brayman relates

so directly to the subject of this action that federal law requires its joinder. See F.R.C.P. 19.  An indirect financial interest does not qualify a party as "necessary" under Rule 19. See Hippo Fleming & Pertile Law Offices v. Westport Ins., 2016 WL 1715195 (W.D. Pa. Apr. 28, 2016), citing Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc., 254 F. Supp. 2d 521 (M.D. Pa. 2003); Spring-Ford Area School Dist. v. Genesis Ins. Co., 158 F. Supp. 2d 476 (E.D. Pa. 2001); and Coregis Ins. Co. v. Wheeler, 180 F.R.D. 280 (E.D. Pa. 1998).

19.     Because Brayman is neither necessary nor indispensable to join in this action, this Honorable Court must disregard its citizenship in assessing whether diversity jurisdiction is established.  Bumberger v. Ins. Co. of N. Am., 952 F.2d 764 (3d Cir. 1991).

20.     Disregarding Brayman, diversity jurisdiction is established here.

21.     In the *ad damnum* clause to Plaintiff's Complaint, Plaintiff requests damages in an amount in excess of the Fayette County's arbitration limits ($50,000)[1], plus any other relief the court deems appropriate.  Plaintiff's Demand for Arbitration, appended to the Complaint as Exhibit A, includes Plaintiff's claim that its damages exceed $3,000,000. See Complaint, Exhibit A, Demand for Arbitration, ¶ 22.

22.     Thus, this Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as this is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and as properly re-aligned, the litigation is between citizens of different states.

23.     Removal from the state court to the United States District Court for the Western District of Pennsylvania is therefore permissible pursuant to 28 U.S.C. §§ 1441(a) and 1446.

---

[1] See Fayette County Local Rule 1301(a).

24.     Specifically, it has been less than 30 days since Westfield received Gavco's Complaint, § 1446(b)(2), and it has been less than one year since commencement of this action, § 1446(c).

25.     Venue is proper in this Court because this is the district and division that embrace Fayette County, where Plaintiff filed the state court action.

26.     A copy of all process, pleadings, and orders served upon Westfield are attached hereto as Exhibit "2".

27.     All parties will receive written notice of the filing of this removal as required by 28 U.S.C. § 1446(d).

28.     Notice of this removal is being provided to the Department of Court Records / Prothonotary of the Court of Common Pleas of Fayette County. A true and correct copy of this proposed Notice is attached hereto as Exhibit "3".

WHEREFORE, Defendant, WESTFIELD INSURANCE COMPANY, INC. provides this Notice that the action is being hereby removed to the United States District Court for the Western District of Pennsylvania.

**A JURY TRIAL IS DEMANDED OF 12 JURORS IN THIS MATTER BY DEFENDANT**

Respectfully submitted,

ZIMMER KUNZ, PLLC

*/s/ Jeffrey A. Ramaley*
JEFFREY A. RAMALEY, ESQUIRE
DARA A. DECOURCY, ESQUIRE
*/s/ Aaron H. Weiss*
AARON H. WEISS, ESQUIRE
Counsel for Defendant,
WESTFIELD INS. CO. INC.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the within NOTICE OF

REMOVAL was forwarded to counsel below named by United States Mail on the <u>9th</u> day of April,

2018:

Phillip R. Earnest, Esquire
Pietragallo Gordon Alfano
Bosick & Raspanti, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(Attorney for Plaintiff)

James D. Miller, Esquire
Babst Calland
Two Gateway Center
Pittsburgh, PA 15222
(Attorney for Defendant, Brayman
Construction Company)

ZIMMER KUNZ, PLLC

*/s/ Jeffrey A. Ramaley*
JEFFREY A. RAMALEY, ESQUIRE
DARA A. DECOURCY, ESQUIRE
*/s/ Aaron H. Weiss*
AARON H. WEISS, ESQUIRE
Counsel for Defendant,
WESTFIELD INS. CO. INC.