# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GAVCO MATERIALS INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-457 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| WESTFIELD INSURANCE | ) | |
| COMPANY, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's Motion to Remand (Doc. 11) currently is pending before the Court. For the foregoing reasons, the Court denies Plaintiff's Motion.

On April 9, 2018, Defendant Westfield Insurance Company, Inc. ("Westfield") noticed the removal ("Notice") of this action from the Allegheny County Court of Common Pleas. Doc. 1. With the exception of Defendant Brayman, complete diversity exists in this action. Id., at ¶¶ 4-5. Westfield alleges in its Notice, however, that Plaintiff joined Brayman to this action for the purpose of destroying diversity; thus, the Court must ignore Brayman's citizenship for diversity purposes. Id., at ¶ 15. Plaintiff has not countered this argument.

Instead, Plaintiff moves to remand on the basis that the Court should exercise its discretion to do so. The Declaratory Judgment Act ("DJA") "does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." Chapman v. Lexington Ins. Co., No. 2:16CV455, 2016 WL 6885901, *1 (W.D. Pa. June 17, 2016); see State Auto. Ins. Companies v. Summy, 234 F.3d 131, 133 (3d Cir. 2000). Rather, the DJA explicitly provides that "any court of the United States, under appropriate pleading, *may declare* the rights and other legal relations of any interested party seeking such declaration…" 28 U.S.C. § 2201(a)

(emphasis added). But when an action involves both a claim for declaratory *and* legal relief, which are independent from each other, the Court has a "'virtually unflagging obligation' to hear those claims, subject of course to Colorado River's exceptional circumstances." Rarick v. Federated Serv. Ins. Co., 852 F.3d 223, 229 (3d Cir. 2017).

As a predicate matter, Plaintiff pleaded a claim for both legal and declaratory relief. Like Rarick, in addition to a claim for declaratory judgment, Plaintiff included a claim for legal relief, breach of contract, in its Complaint. Rarick, 852 F.3d at 229; See Compl., at *Count II*. Because Plaintiff's breach of contract claim satisfies diversity jurisdiction, it is independent from Plaintiff's declaratory relief claim. Id.

The breach of contract claim's independence from the declaratory relief claim obligates the Court to retain jurisdiction unless the Colorado River factors dictate otherwise. The factors that the Court must consider are 1) whether the state court assumed *in rem* jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which jurisdiction was obtained by the concurrent forums. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976).

The only Colorado River factor arguably at issue is the desirability of avoiding piecemeal litigation. Plaintiff, however, has not argued that a parallel state proceeding currently is being litigated in state court.[1] Instead, Plaintiff argues that this matter presents a novel, unsettled state law issue. Brief in Support of Motion to Remand ("Motion to Remand"), Doc. 15, at 4.

---

[1] Plaintiff's Complaint references an arbitration in which Brayman initiated suit against Plaintiff for allegedly supplying defective concrete. Compl., at ¶ 7-11. The alleged state proceeding, however, involves contractual liability, whereas this federal action addresses insurance coverage and whether Westfield owes a duty to defend and indemnify.

Although state law issues can, "in some rare circumstances . . . weigh in favor of the federal court's surrender of jurisdiction," the state law issues presented here do not warrant the Court's surrender of jurisdiction. Ryan v. Johnson, 115 F.3d 193, 199 (3d Cir. 1997). Simply, contrary to Plaintiff's contention, the Court is not persuaded that the applicable case law is in flux regarding what constitutes an "Occurrence" under a general liability policy.[2] Motion to Remand, at 4.

Accordingly, Plaintiff's Motion to Remand (**Doc. 11**) is **DENIED**

IT IS SO ORDERED.


May 22, 2018
s\Cathy Bissoon
Cathy Bissoon
United States District Judge


cc (via ECF email notification):


All Counsel of Record

---

[2] The Court notes that, upon closer review, the law on what constitutes an "occurrence" is not ambiguous. Compare Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co., 589 Pa. 317, 333, 908 A.2d 888, 898 (2006) (holding that a claim of faulty workmanship does not fit the definition of accident, which is necessary to establish an "occurrence"), with Indalex Inc. v. Nat'l Union Fire Ins. Co., 83 A.3d 418, 424 (Pa. Super. Ct. 2013) (distinguishing Kvaerner because the rule announced did not apply to the facts of the case). Courts routinely distinguish cases. This does not mean that the law is unsettled.